White, J.
The final order made in the case, by the court below, had the effect to discharge the defendant from arrest without requiring him to give security, as provided by the statute, for the performance of the order of maintenance.
The section of the statute prescribing the course to be pursued, in case the defendant is chargeable with the maintenance of the child, is as follows:
“ That in case the jury find the defendant guilty, or such accused person, before the trial, shall confess in court that the accusation is true, he shall be judged the reputed father of such child, and shall stand charged with the maintenance thereof, in such a sum or sums as the court may order and *356 direct, with payment of costs of -prosecution; and the court shall require the reputed father to give security to perform the aforesaid order; and incase the said reputed father shall neglect or refuse to give security as aforesaid, and pay the costs of prosecution, he shall be committed to the jail of the county, there to remain till he shall comply with the order of the court: provided that such putative father confined in prison for not complying with the sentence and order of the court, as in this section provided, shall be entitled to the benefit of the prison rules, and of the act for the relief of insolvent debtors, in the same manner and upon the-same principles as persons imprisoned for debt.” S. & C. 178, sec. 6.
No question arises as to the construction of this statute. It plainly required the defendant to be committed to the jail of the county, in default of his giving security for the performance of the order oí the court as to the maintenance.
The only grounds on which the action of the court is sought to be justified is, that the statute is in conflict with see. 15, art. 1 of the constitution, which provides that, “ No-person shall be imprisoned for debt in any civil action, onmesne or final process, unless in cases of fraud.”
This provision of the constitution, in our opinion, does not apply to cases like the present.
This is not a suit to recover a sum of money owing from the defendant to the complaining party. The liability sought to be enforced is not founded upon contract express or implied, but originates in the wrongful act of the defendant, against the consequences of which the statute is designed to protect the public. .
Proceedings under the statute are only authorized in cases where the mother of the child is a resident of this State, and the child is thus subject to become a public charge. If she neglects to prosecute, the public authorities of the locality liable to be charged with its support, may do so, unless security is given to save them from such liability.
The statute is in the nature of a police regulation. Its main object is to furnish maintenance for the child, and in *357 •demnity to the public against liability for its support. The act of the putative father is regarded as an offence against the peace and good order of society; and the penalty which-■the law imposes for his transgression, is to enforce upon him the duty of making provision for the maintenance of his illegitimate offspring.
The sum in which the defendant is ordered to stand charged for the support of the child, is not imposed as an unconditional liability. It is a provision made by way of security If the child dies, the order of maintenance, as to the future, •becomes inoperative.
The order overruling the complainant’s motion is reversed, on the ground that the motion ought to have been granted; and the cause is remanded to the court of common pleas for further proceedings.
Welch, C. J., and Day, McIlvaine, and West, JJ., concurred.